|  | Hearing Date and Time |
|---|---|
|  | February , 2022 @ .m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                                    Chapter 11

25-16 37th AVE OWNERS, LLC,                          Case No. 21-42662 (JMM)

                                       Debtor.
-----------------------------------------------------------X

**MOTION FOR AN ORDER COMPELLING BARRY LEON TO COMPLY WITH RULE 2004 ORDER AND FOR ORDER OF CONTEMPT AGAINST BARRY LEON FOR FAILURE TO COMPLY WITH RULE 2004 ORDER**

  25-16 37th Owners, LLC, the debtor and debtor in possession (the "Debtor"), as and for its application seeking an order: (1) holding Barry Leon ("Leon") in contempt for failing to comply the order of this Court, dated November 2, 2021, directing, in relevant part, the production of documents and examination of Leon pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [ECF Doc. #22] (the "Rule 2004 Order"), a copy of which is attached hereto as **Exhibit "A"**; (2) compelling Leon to comply with the Rule 2004 Order; and (3) granting the Debtor such other and further relief as this Court deems just and proper, respectfully represents as follows:

**JURISDICTION**

  1.  The Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  2.  This application constitutes a core proceeding as defined under 28 U.S.C. § 157(b)(2).

1

3. The statutory predicates for this application are 11 U.S.C. §105(a), and Bankruptcy Rules 2004 and 9016.

## **BACKGROUND**

4. The Debtor is in the business of owing and developing of "The SMYTH", a 53,954 GSF 7-Story mixed-use condominium project located at 25-16 37th Avenue, Queens, NY (the "Property"). The Chapter 11 case is now in a liquidation mode whereby the Property is going to be sold in an auction sale pursuant to a plan of liquidation.

5. Immediately after the commencement of this case, counsel for the Debtor sent Leon, the former principal of the Debtor, a demand for all of the Debtor's books and records since he was the individual in control of the Debtor and the development project, during the pre-petition period. Leon agreed to produce that which he had in his possession.

6. However, after Leon failed to produce any documents and ignore the undersigned's follow-up emails, the Debtor filed a motion seeking an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure compelling the production of certain records, documents and electronic files in the possession, custody and control of Leon and Penta Restoration Corp., the former construction manager for the Debtor. This Court entered the Rule 2004 Order on November 2, 2021[ECF Doc. #22].

7. On November 11, 2021, Leon was served with a copy of the Rule 2004 Order and a subpoena. (Attached hereto as **Exhibit "B"** is a copy of the subpoena and certificate of service.) As of this date, Leon has not produced any documents in compliance with the subpoena and has failed to respond to emails sent by the undersigned requesting compliance.

# ARGUMENT

## PURSUANT TO RULE 9020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(A) OF THE BANKRUPTCY CODE, THE COURT SHOULD HOLD LEON IN CONTEMPT OF COURT AND DIRECT HIM TO COMPLY WITH THE SUBPOENA

8. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

"The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders." *Solow v. Kalikow*, 602 F.3d 82 (2nd Cir. 2010).

9. Bankruptcy courts have the power to impose civil contempt sanctions. *Bartel v. Eastern Airlines*, 1998 U.S. App. LEXIS 71 (2d Cir. January 6, 1998) (citing *In re: Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990)). "Sanctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of the Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986).

10. A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *In re Flushing Hosp.*

3

*and Medical Center*, 395 B.R. 229, 241 (Bankr. E.D.N.Y 2008)(quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995)).

11. The Debtor requests that this Court enter an order compelling Leon to immediately turnover the relevant documents in his possession, custody and control, as required by the Rule 2004 Order, and holding Leon in contempt of this Court for willfully failing to comply with the Rule 2004.

12. The Debtor's efforts to confirm its liquidating plan and sale of its Property is well underway, and Leon's failure to provide the Debtor and the undersigned counsel with the Debtor's books and records, including tax returns, bank statements, and contracts is causing the Debtor significant prejudice. The Debtor needs these books and records to properly administer this case for the purposes of, including, but not limited to, making important decisions on the rejection or assumption of any executory contracts and unexpired leases that it may not be aware of, and determining the amount, if any of capital gains taxes, that may be due upon the sale of the Property.

13. The above-quoted requirements for a Court to issue an order of contempt are met in this case since: (1) the above-quoted provisions of the Rule 2002 Order are "clear and unambiguous"; and (2) the fact that Leon has not produced a single piece of paper shows that their noncompliance with the Rule 2004 Order is "clear and convincing", and that they have not "diligently attempted to comply with the rule 2004 Order "in a reasonable manner." See, *In re Flushing Hosp. and Medical Center*, 395 B.R. at 241.

14. The Debtor is moving by order scheduling hearing because Leon's continued noncompliance is delaying the proper administration of this case and could

negatively impact the sale process. The Debtor is prepared to serve this motion upon Leon, its secured creditors, the Office of the United States Trustee, the Debtor's five largest unsecured creditors, and all parties who filed notices of appearance, by email and overnight delivery within 24 hours after entry of this scheduling order.

**WHEREFORE**, for the reasons set forth above, the Debtor respectfully requests that the Court enter an order: (1) holding Leon in contempt for her willful failure to comply the Rule 2004 Order; (2) compelling Leon to comply with the Rule 2004 Order; and (3) granting the Debtor such other and further relief is just and proper under the circumstances.

DATED:    New York, New York
               February 4, 2022

                                     SHAFFERMAN & FELDMAN LLP
                                     Counsel for the Debtor
                                     137 Fifth Avenue, 9th Floor
                                     New York, New York 10010
                                     (212) 509-1802
                                     By:    Joel    M.    Shafferman_____
                                              Joel M. Shafferman