UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (Brooklyn)

---------------------------------------------------------------x
IN RE:

25-16 37th Ave Owners, LLC

---------------------------------------------------------------x

Confirmed
Chapter 11

Case No. 1-21-42662-jmm

## STIPULATION AND ORDER LIFTING AUTOMATIC STAY

This Stipulation And Order (the "Stipulation") is before the Bankruptcy Court on the stipulation and agreement by and among 25-16 37th Ave Owners, LLC, as debtor ("Debtor") in this Chapter 11 case, LIC Senior Debt LLC ("LIC Lender"), and LLN Realty, LLC ("Landlord"), to lift the automatic stay and to compensate Landlord for unpaid post-petition rent. Debtor, LIC Lender, and Landlord will be referred to individually, as a "Party," and collectively, as the "Parties."

## RECITALS

A. On October 19, 2021 (the "Petition Date"), Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

B. Debtor remains in possession of its assets pursuant to Sections 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor's current ownership acquired its interest through a UCC sale of the interests after the occurrence of the events described below.

C. Debtor owns a real property located at 25-16 37th Avenue, Long Island City, New York 11101 ("Debtor's Property"). Debtor was engaged in the business of developing a mixed-use condominium project on its Property (the "Project").

D. Landlord alleges that after commencement of the demolition and excavation of the Project in 2016, Debtor encountered construction complications on neighboring properties and

1

that one neighbor's property, jointly owned by Salvador Rivera, Jr. ("Mr. Rivera"), had its foundation compromised by Debtor's excavation work. Allegedly as a result, Con Edison shut off gas service to Mr. Rivera's property.

E. Upon information and belief, in September 2016, Debtor and Mr. Rivera entered into an access agreement that permitted Debtor to perform work to stabilize Mr. Rivera's property. In addition, on November 21, 2018, Debtor and Mr. Rivera entered into a relocation agreement (the "Relocation Agreement") for the relocation of the occupants of Mr. Rivera's property (the "Rivera Family") while the stabilization work too place.

Exhibit A: (Relocation) Agreement, dated November 21, 2018.

F. Under the Relocation Agreement, Debtor agreed to rent two apartments (the "Apartments") from Landlord for the Rivera Family to live. Landlord owns a three-family Property located at 3642 Crescent Street, Astoria, New York 11106 (the "Property"). Landlord owns a three-family Property located at 3642 Crescent Street, Astoria, New York 11106 (the "Property").

G. Also upon information and belief on November 21, 2018, Debtor and Landlord, entered into two lease agreements (the "Leases") for the rental of two apartments in the Property, one apartment on the middle floor ("Lease #1") and the other on the top floor ("Lease #2"). Each Lease established a month-to-month tenancy, beginning on November 21, 2018, at a monthly rent of $3000. Each Lease listed members of the Rivera Family as the occupants.

Exhibit B: Month-To-Month (Lease) Agreements, dated November 21, 2018.

H. As of October 21, 2022, it is alleged that Debtor owed Landlord the following amounts in unpaid pre-petition rent (the "Pre-Petition Rent"):

    Lease #1: (from April 2020 to October 2020) = 7 months x $3000 = $21,000; and

Lease #2: (from April 2021 to October 2021) = 7 months x $3000 = $21,000;

TOTAL = $42,000.

I. On March 14, 2022, Debtor filed its First Amended Plan of Liquidation, As Modified (the "Plan"), and its First Amended Disclosure Statement, As Modified (the "Disclosure Statement"), both documents dated March 14, 2022.

J. On June 15, 2022, U.S. Bankruptcy Judge Jil Mazer-Marino confirmed the Plan.

K. Under the Plan, Debtor intends to sell Debtor's Property to LIC Lender.

L. Under the Plan, Debtor rejected all of executory contracts and unexpired leases including the Relocation Agreement as of the Effective Date of the Plan.

M. As of October 21, 2022, it is alleged that Debtor owed Landlord the following amounts in unpaid post-petition rent (the "Post-Petition Rent"):

Lease #1: (from October 21, 2021, to October 21, 2022) = 13 months x $3000 = $39,000; and

Lease #2: (from October 21, 2021, to October 21, 2022) = 13 months x $3000 = $39,000;

TOTAL = $78,000.

N. Landlord has filed a motion seeking relief from the automatic stay as well as other forms of relief so that Landlord can pursue an eviction proceeding against the Rivera Family in the Housing Part of the New York City Civil Court, Queens County (the "Housing Court"), who remain in possession of the Property under the Leases (the "Stay Motion").

O. The Parties wish to resolve the Stay Motion in accordance with the terms of this Stipulation.

**AGREEMENT**

NOW, THEREFORE, subject to the approval of the Bankruptcy Court, the Parties agree as follows:

1. The foregoing recitals (¶¶ A through N) are hereby fully incorporated into and made an express part of this Stipulation. Nothing contained herein shall be deemed to constitute an admission.

2. The automatic stay against Landlord is hereby modified/lifted to allow Landlord to commence and pursue eviction proceedings against the subtenants under the Leases, the Rivera Family, in Housing Court through its conclusion.

3. Landlord shall not pursue a claim against Debtor or LIC Lender, outside of this Bankruptcy Court, for unpaid rent or use and occupancy under the Leases except as provided for below.

4. In further of the Plan, Debtor rejects the Leases and the Relocation Agreement as of the execution date of this Stipulation (the "Stipulation Date"). Debtor hereby relinquishes all of its rights under the Leases, including any rights of possession of the Property, it may have, if any.

5. Upon the modification of the automatic stay, the Debtor consents to Landlord's issuing a relevant notice to all necessary parties and bringing proceedings in Housing Court seeking the evictions of all parties, including but not limited to the Rivera Family from the Apartments. Debtor hereby waives any and all objections, defenses and claims to which the Debtor may or could have alleged relating thereto.

6. . Upon this Stipulation being so ordered and becoming final, , the Debtor shall pay Landlord $42,000 in full and final settlement of its obligation to pay the Post-Petition Rent.

7. Landlord's claim for unpaid Pre-Petition Rent ($42,000) shall be deemed an allowed unsecured claim against Debtor's bankruptcy estate.

8. Each Party understands and agrees that the purpose of this Stipulation is to lift the stay with respect to the Leases and the Property and allow Landlord to bring an eviction proceeding against the Rivera Family in Housing Court.

9. As the Debtor is liquidating, during its continued existence, it agrees to provide whatever limited cooperation it can with Landlord in its Housing Court proceeding, provided such cooperation is in accordance with Stipulation. Such cooperation may require Debtor to acknowledge its relinquishment its right to possession of the Apartments.

10. Except as otherwise provided herein, this Stipulation may not be modified other than by a signed writing executed by the Parties, or by a further order of the Bankruptcy Court.

11. Each Party executing this Stipulation represents that such Party has the full authority and legal power to do so.

12. This Stipulation may be signed in counterparts, each one of which is considered an original, but all of which constitute one and the same instrument.

13. The Bankruptcy Court will retain jurisdiction over the subject matter of this Stipulation in order to resolve any disputes under or relating to this Stipulation.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) Landlord's motion to lift the automatic stay is granted as set forth herein.

(2) The automatic stay is lifted so that Landlord may pursue eviction proceedings against any and all occupants of the Apartments, including but not limited to the Rivera Family in Housing Court.

(3) The automatic stay against Landlord remains with respect to the enforcement of monetary claims it may have against Debtor.

(4) Debtor shall pay Landlord $42,000 to settle any claims for unpaid rent for the time period beginning on the Petition Date and ending on the Stipulation Date upon the Bankruptcy Court so ordering this Stipulation and it becoming final.

(5) Debtor is authorized to take all actions necessary or appropriate to carry out this Order.

(6) This Court will retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order and the Stipulation.

(7) As of the Stipulation Date, the Debtor's obligation under the Leases shall terminate.

(8) The enforcement of the terms and conditions of the Stipulation are subject to the approval of the Bankruptcy Court. In the event the Bankruptcy Court fails to approve this Stipulation, the terms and provisions contained herein shall be null and void and of no further force and effect and shall not be deemed an admission of all parties and all claims and defenses shall be preserved.

(1) .

(2) .

**STIPULATED AND AGREED TO BY:**

Dated: November 15, 2022; New York, New York

SHAFFERMAN & FELDMAN, LLP
Attorneys for 25-16 37th Ave Owners, LLC

By: _____
Joel M. Shafferman, Esq.

Address: 137 Fifth Avenue, 9th Floor, New York, NY 10017
Telephone: 212-509-1802
Email:

LEECH TISHMAN ROBINSON BROG
Attorneys for LIC Senior Debt LLC

By: _____
Robert M. Sasloff, Counsel

Address: 875 Third Avenue, 9th Floor, New York, NY 10022
Telephone: 212-509-1802
Email: rsasloff@leechtishmanrb.com

GENG & ASSOCIATES, P.C.
Attorneys for LLN Realty, LLC

By: _____
Sylvia P. Tsai, Esq.

Address: 275 Madison Avenue, New York, NY 10016
Telephone: 646-766-1647
Email: stsai@genglaws.com

SO ORDERED THIS _____ DAY OF _____, 202___

_____
Hon. Jil Mazer-Marino
United States Bankruptcy Judge